RYDER, Judge.
Suto appeals an order of the trial court summarily denying relief under Florida Rule of Criminal Procedure 3.850. Suto was convicted of two counts of grand theft and two counts of burglary of a dwelling. His convictions were affirmed by this court on direct appeal. Suto v. State, 400 So.2d 1341 (Fla. 2d DCA 1981).
Suto alleges the following three grounds for relief in his rule 3.850 motion: (1) that the trial court erred in denying his motion for suppression of evidence; (2) that the trial court erred in denying his motion to dismiss for lack of speedy trial and (3) that his fifteen year sentence for burglary in case 79-2455 was in excess of the maximum authorized by law.
Issues which were or could have been raised on a direct appeal are not cognizable grounds for relief under rule 3.850. Hargrave v. State, 396 So.2d 1127 (Fla.1981); Owens v. State, 397 So.2d 1235 (Fla. 2d DCA 1981). Grounds (1) and (2) of Suto’s motion could have been raised on direct appeal. Suto’s claim directed to his sentence for burglary in case 79-2455 is wholly without merit. The body of the information filed in said case indicates that the burglary was of a dwelling. Since burglary of a dwelling is a second degree felony, the trial judge was authorized in sentencing Suto to the maximum sentence of fifteen years. See sections 810.02(3) section 775.082(3)(c), Florida Statutes (1981).
Accordingly, the trial court’s denial of the rule 3.850 motion is AFFIRMED.
BOARDMAN, A.C.J., and SCHEB, J., concur.